**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     Juan Villareal v. The State of Texas

Appellate case number:   01-13-00374-CR

Trial court case number: 1353512

Trial court:             183rd District Court of Harris County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure in that the trial court's certification of appellant=s right of appeal is defective. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1. Although the certification indicates that appellant has the right to appeal, the certification is not signed by the trial court judge, the appellant or his counsel. *See* TEX. R. APP. P. 25.2(d). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Jaime Aldape, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and
2) Make any other findings and recommendations the trial court deems appropriate.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: _/s/ Terry Jennings_
☑ Acting individually ☐ Acting for the Court


Date: _January 14, 2014_